THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* THE NEW YORK REFRIGERATING CONSTRUCTION COMPANY and Others, Appellants.

*Recitals of a bond — controls the obligation of the sureties — exceptions to the rule.*

*Semble,* that, ordinarily the recital of a bond expresses the intent of the parties and controls the condition or obligation which follows it, and although the condition may be clothed in more general language than the recital, the obligation of the parties to the bond is to be controlled by the terms of the recital.

The rule is otherwise if the recital shows that it was not understood or intended to contain the whole of the obligations entered into between the parties to a contract to secure which the bond was given.

APPEAL by the defendants, The New York Refrigerating Construction Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of May, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*Burton N. Harrison,* for the appellants.

*David J. Dean* and *T. Farley,* for the respondent.

VAN BRUNT, P. J.:

We might very well rest our decision of the appeal in this case upon the opinion of the court below. Great stress, however, is laid by the counsel for the appellants upon the claim urged by him that the sureties were not bound by the bond, the subject-matter of this action, in respect to the payments for the default in the making of which, this action has been maintained.

It is urged that the recital of the bond expresses the intent of the parties and controls the condition or obligation which follows; and that although the condition may have used more general language than the recital, the defendants' obligation is to be controlled by the terms of the recital.

Even applying this rule, it does not seem to us that the contention of the appellants can be sustained. The recital of the bond is in these words: "Whereas, the above bounden, the New York

Refrigerating Construction Company, by an instrument in writing, under its corporate name. and seal, bearing even date with these presents, has contracted with said the Mayor, Aldermen and Commonalty of the city of New York, by the comptroller of said city, to introduce and maintain refrigerating apparatus in the New West Washington Market, for preserving meats, etc., as will in said instrument, one part whereof is hereto prefixed, more fully and at large appear."

It is contended that. the evidence shows that this was done, and that the refrigerating apparatus was duly introduced in the market and was there maintained as agreed, and that there is no complaint on that account; and that this is all that the recital of the bond indicated that the defendants were to do.

It will appear upon a consideration of the recital that it was not understood or intended to contain the whole of the obligations which were entered into between the parties by reason of the contract to secure which the bond was given. The recital is: "To introduce and maintain refrigerating apparatus in the New West Washington Market for preserving meats, etc., as will in said instrument, one part whereof is hereto prefixed, more fully and at large appear," this language evidently indicating that it was the intention of the parties that the instrument itself should thereby be incorporated in the recital, and that the phraseology employed was intended to be a mere general designation of the contract without any particularity as to its terms. The words quoted are of the most indefinite character. There was no obligation upon the part of the defendants in this recital that the apparatus in question should do anything of the kind for which it was constructed. So long as the refrigerating apparatus was introduced and maintained for the purpose of preserving meats, etc., whether it accomplished such purpose or not, was immaterial according to the contention of the defendants. It is clear that this indefinite statement could not ever have been intended by the parties to recite the whole of the obligation, and that reference is made to the contract itself as more fully and at large expressing the terms of the obligation, and this is in harmony with the condition of the bond. This condition was that the defendant corporation should well and truly and in good, sufficient and workmanlike manner perform the said contract, namely, the contract referred to in the recital,

and each and every provision therein contained on its part to be done
and performed, and should maintain the said apparatus in accord-
ance with the terms and provisions in said contract stipulated, and
should in each and every respect comply with the conditions therein
contained, thus showing that it was in the mind of the parties that
not only was the refrigerating apparatus to be introduced and main-
tained but that the terms of the contract in all other respects were
to be complied with.   And this is in accord with the natural rule of
construction where the contract itself is made part of the recital.

 We think, therefore, for the reasons stated in the opinion of the
court below, as well as those herein expressed, the judgment appealed
from should be affirmed, with costs.

 FOLLETT and O'BRIEN, JJ., concurred.

 Judgment affirmed, with costs.